Good morning. May it please the Court, Shereen Charlotte, Federal Defenders, on behalf of the appellant, Mr. Hubert Hoffman. I want to discuss two issues here this morning raised in Mr. Hoffman's appeal. First concerns the improper admission of his statements, which were improperly analyzed and admitted under 18 United States Code section 3501. And second, the improper denial of acceptance of responsibility of sentencing, especially in light of the government's argument at trial and on appeal regarding the complete and accurate nature of Mr. Hoffman's statements. The first issue, the improper admission of Mr. Hoffman's statements under 3501, there really shouldn't be any dispute that these statements were taken outside of the 6-hour safe harbor provision. The government makes some kind of argument about that there was no timing violation established by Mr. Hoffman. And, in fact, in making that argument, they ignore the provisions of 3501 and the Supreme Court's decision by law enforcement officers. And at very worst, under the government's facts, at 705, when Sector is notified that the marijuana is found, Mr. Hoffman would indeed be under arrest. Thus, when his statements are taken at 130, there's a violation of the 6-hour safe harbor delay provision. And then what? I mean, this isn't really that important, is it? Because, in the end, it's not just about the defendants. I mean, they don't have the safe harbor, but we still have to decide whether or not. But even if they did have the safe harbor, presumably, if he was in withdrawal and other, there would still be an argument about voluntariness. And without the safe harbor, there's still an argument. This doesn't seem very important to me, whether the safe harbor applies or doesn't apply. Well, Your Honor, actually, in the case that I sent up to the Court yesterday, United States v. Wilson, this Court has held that the delay is the most important factor to consider. Even when it's in the order of a half hour? I'm sorry. Well, the six – I think that the Court decided, or the Congress decided in 3501, that six hours is the outer bound. Six hours of delay is all that will be tolerated. And anything in excess of that – I don't know what they decided. I mean, if that statute, of course, is the statute that was essentially – it was an attempt to avoid Miranda. It's the statute that was an issue in whatever the reason was Dickerson. And it isn't, as I understand it, just positive in either direction. Well, actually, Your Honor, this Court's case is United States v. Wilson, United States v. The most important factor can be the only reason to suppress a statement if the judge wanted to. And importantly, in this case, at Excerpt of Record, page 105 and 106, this district court judge never considered the delay. He never once said in his findings, you know, there was this delay, but I don't think that it impacts on voluntariness. He never said, you know, I'm considering the delay. I'm weighing it, but it really doesn't persuade me. He doesn't say, you know, government, your reasons for the delay are satisfactory. And that – I think that violates the statute. He didn't consider what this Court says is the most important factor. And the government's reasons for the delay are insufficient as a matter of law. Under 3501, it says the delay has to be related to transportation of the defendant or the availability of a magistrate. And clearly, by the government's own concessions in its brief and the government's witnesses' concessions at trial, it wasn't related to either of those objectives. And it was related to investigating the case. According to this Court's case, United States v. Fauch, that's improper. In Fauch, the agents testified, oh, we were busy getting information about Mr. Fauch's bank robberies, so we had to wait to interview him. That was an improper and insufficient reason. That's the same reason that the government proffers here in contravention of the statute. The district court needed to consider that and didn't. And one of the reasons why I don't really understand the impact of this provision is let's suppose he had in fact been arraigned before a magistrate and sent to jail. And it was, you know, three days later. Still, if somebody wanted to interrogate him and he hadn't been interrogated yet, he'd have to commit him and have to give him a mirandum warning. But meanwhile, he's been in jail for three days. Does that count? Yes, Your Honor. I mean, I think – is your point that – My point is that that mirandum warning – I don't quite understand the connection between delay and voluntariness in the sense that after people are actually put in jail, they're in jail, and they've been to a magistrate, but they're in jail, but there still are issues of voluntariness that can arise. But then what? Then do you bring the delay up again? It's a very strange business. Well, this Court's cases indicate that reliance on a waiver of your mirandum warnings should be given less weight the lengthier the period of delay. And so I think that the – Delay until what is what I'm asking? Delay until what? Your Honor, I think the delay in terms of presenting you in front of a magistrate judge where you're arraigned on the charges, where you're appointed counsel to assist you, and at the period of time when an individual is sitting and waiting and doesn't know if they're going to be charged, what the nature of the charges are, whether they're going to have a lawyer, what their rights are, is extraordinarily prejudicial and does indeed contribute to involuntary admissions, and that's the purpose, one of the purposes behind the statute, to prevent that. Counsel, before it all gets away from us, I'd like to ask you a question about acceptance responsibility that gets a little bit troubling. I understand your point about acceptance. Obviously, going to trial doesn't lose you. It does not lose you acceptance responsibility. Equally obviously, sometimes when a person is confessed and is only going to trial sort of formalistically, you might say, that doesn't lose it either. Still in all, it is supposed to be a fairly unusual thing when the person actually goes to trial. Leaving that aside, here's a specific question I have for you. The position that he took at trial and before trial and never receded from as far as I can see, was not simply the more formal legal position, the time or the heroine by itself. The position taken by him at trial was that the confession itself was just lies, that it was, that the confession itself was only information repeated back that was fed to him by agents, which he simply would agree to anything not even true. He would just agree to it because they fed it to him, and so he'd say anything he could. Now, since his position was, and never receded from that I can see, that the confession itself was lies, not just formalistically, but it just wasn't true, how does that work out to be acceptance of responsibility? I have a few responses to that. First, I actually do not believe that defense counsel, because the defendant never testified, so defense counsel ever said in opening or closing, this confession is all lies and it's false. What defense counsel said, perfectly consistent with the statute and the judge's instruction to the jury, was consider the effect of heroine withdrawal and heroine use, it's not voluntary, it was coerced, he would say anything to get out of that room because he had pressure. They fed him lines and he just agreed to them. That's what that particular locution is used. There was, you're right, there was one. They fed him the lines and he just agreed. That's, if you said to me, just in normal parlance, that because of my condition you fed me lines and I just stated it, I'm saying I'm denying that's true. I'm just repeating fed lines. But I don't believe it was fed lines. I think the position was you talk to Mr. Hoffman first. I could be wrong, Your Honor, but I don't. What's the exact name? I don't remember them saying fed lines. I do know there was a discussion of the fact that they interviewed Mr. Hoffman first, then interviewed Mr. Barnes second. I'm sorry, the other way around. Interviewed the driver first and Mr. Hoffman second. But I think the defense counsel's statements, if we're going to say defense counsel's statements should be held against a defendant who should, who didn't testify when she's challenging the voluntariness of a confession, what about the prosecutor's statements, Your Honor, in closing argument, which are that this confession by Mr. Hoffman, an excerpt from record page 374, is accurate. At 376, it's detailed. At 378, he admitted his role, and he admits his role. He's guilty. The question isn't whether, in fact, he did it. That's not the question. The question is whether he accepted responsibility for doing it. And his position before the district court is, through counsel, yes, but then that's where people's position often comes through, is through the mouths of counsel. It was a situation where the agents have simply fed him the information, and he just responded appropriately because he was very sick. That's the position. But responded appropriately doesn't mean that he said something that wasn't true. I don't think defense counsel ever said this is all a lie. But if that wasn't the position, then what was the position? In other words, it was not up to the jury, as I understand it, to make a suppression decision. The jury couldn't take the position that for exclusionary rule-like reasons, the confession should be disregarded or because the police were misbehaving. Instead, the position ultimately had to be that it was an unreliable confession. Otherwise, what was it doing before the jury, the whole issue? Your Honor, actually, the jury is in a position under 18 United States Code section 3501 to judge the voluntariness of the statement and whether or not the defendant actually made it and what was said. And so the ultimate purpose of whether it should be given weight or not given weight. That's right. And defense counsel is ultimately, if you're arguing before the jury about this, you're saying you should not give this weight. And why shouldn't they? The reason they shouldn't give it weight is because it's not reliable. Otherwise, why shouldn't they give it weight? Well, Your Honor, I believe that there was undisputed evidence that Mr. Hoffman had used heroin within the past 72 hours. I understand all that. But I just go to the acceptance responsibility question. In other words, when you make this kind of an argument before the jury as opposed to at a suppression hearing, are you necessarily saying it might not be true? Because why else would you be saying? I think you can be saying it's not reliable, that it may have been, not that it's not true necessarily, it may have existed because of the drug use and the other circumstances. I think at trial, defense counsel has the right to put on a Sixth Amendment defense and can still get acceptance of responsibility because of his pretrial conduct. And that's what 3E1.1 specifically states. I see that I'm over my time. Thank you. May it please the Court. Good morning. I'm Mark Rahe, representing the United States in this matter. Your Honors, the district court did not err in refusing to suppress the confession below. And I will confine my arguments to the timing violation, which defense counsel focused on here. One of the first principles I think we have to recognize that was recognized nowhere in the defense briefs is that even if there is a timing violation under 3501, see, this Court has held in the Van Poit case and other cases that that does not necessarily mean it must be suppressed. It does not necessarily make that confession ipso facto involuntary. And in this case, we stand by our argument in the first place that since it was the defendant's burden of proof under Van Poit that they did not establish the timing violation to begin with. But we also have the alternative argument that even if one assumes there was a violation, this Court has held that statements that are taken in violation of the six-hour rule can still be admitted if they're either reasonable or if public policy does not prohibit their admission. And in this case, under the totality of circumstances, we believe that the Court's finding that involuntariness was not clear error. And for the ---- Did the Court, in fact, take the delay into effect, into account? We believe it did, Your Honor. Now, granted, the district court never made any express statements about ---- I see you argue that there's a delay. I find it's reasonable for A, B, and C. But our position is that there's no case that the government is aware of that requires that. Here, the argument was squarely presented to the district court, both in sidebars during the evidentiary hearing. Defense counsel explained that we are making a six-hour timing violation. And they cited the statutory provision, and they made that argument. I'm not aware of any case which says that a district court bill in rendering a ruling on the voluntariness of a confession must state every single reason that it's denying, denying that motion. And I would also point to the universally cited principle that this Court can affirm on any basis that's supported by the record. And there are ample bases to do that in this case. The record is clear that ---- Well, it's just that this is the kind of a case in which we would defer. The district court's conclusion would have some strength here. But if he let something out of his analysis, then it doesn't that weaken it and give it less authority than it would otherwise have. If I understand that correctly, Your Honor, you're saying you would prefer it had the district court made such findings, I suppose. That's my question. I mean, again, maybe I wouldn't just disagree with that. It might make our jobs easier. But my point is that there's no ruling of law which requires the court to do so. And the grounds for affirming the district court's finding are evident from this record. Well, their argument to the court, among other things, was the 3501 factors and everything else make it clear or clear that the confession was not voluntary. The very next statement by the district court is that there's no inappropriate police conduct, I find, involuntary, et cetera. So that seems to be covering the question they asked, doesn't it? The government would not disagree with that, Your Honor. And in this case, when one looks to the totality of the circumstances, so much points to voluntariness. From the get-go, this defendant was advised of his Miranda rights and did so with a written waiver that he signed. Well, it wasn't from the get-go. That's the whole problem, right? I mean, it's the problem. When was he advised of his Miranda rights? He was advised of his Miranda rights, I believe, at 1.30 in the afternoon. Oh, it wasn't from the get-go. That's why we have a delay problem. It wasn't from the get-go. Okay. Well, I'm sorry if that was a little vague. What I mean to say is we do know that he was, in fact, advised of his Miranda rights before the interview, that it was in writing, that the defendant was asked to read aloud the waiver portion of the form. He was asked if he understood every right. He put his initials next to every right on that written form. He was given access to the restroom, to water. He was provided with food. The agents never raised their voice towards him. They never threatened him. They never promised him lenient treatment. Let me ask you something. Suppose this gets into the heroin one with Scrawlish and more than delay, but suppose – I gather that although there's medical evidence here, there was no medical evidence of the sort, or is there evidence of the sort, that given his condition at the time he arrived at the hospital, he must have been at the time of the interrogation in such a condition that he really was not in – that his withdrawal situation rendered anything he said unreliable or something to that effect. Is there any evidence like that? Well, Your Honor, we believe there's scant evidence. I know that the defense tried to make that inference, but every indication from this record was that this defendant was alert, coherent, and responsive at the time he was interviewed. The only evidence is that several hours after the termination of the interview, when he was attempted to be booked into the Federal jail, that at that point they denied him and that he was taken to a hospital. I mean, and we would also point out first, we can't lose sight of the fact in Colorado v. Connolly, the Supreme Court held police coercion is a necessary prerequisite to a finding of involvement. That's really what I wanted to ask you. I mean, suppose we could have – it could be established that this was his condition. Is that the relevant question or is the relevant question whether the interrogators knew about it? Well, I think the relevant question is whether the interrogators applied improper coercion and whether or not they knew about it. In this case, the record shows that they didn't. Agent Chen was seated just three to four feet away from this defendant during a half-hour interview, claimed that he was able to understand the defendant. He didn't notice any slurred speech, no body tremors. There was nothing that indicated to him objectively that this defendant was in pain. In fact, before the interview, he asked the defendant if he had any medical problems. The only thing that the defendant claimed was that he suffered from hepatitis C and occasional seizures. Another witness who was actually called by the defense was Inspector Flores, I believe it was, who was also a witness to the interview, corroborated that testimony, said there was nothing unusual about the defendant's behavior. And both Agent Chen and both Inspector Flores had multiple years of law enforcement experience and testified that they were familiar with the effects and the symptoms of such withdrawal. And I'd like to ask a different question about the acceptance responsibility. Okay. Leaving aside the issues that we were discussing previously, one thing that troubled me some was that the district court seemed to be treating the acceptance responsibility issue as one of his discretions. Of course, it is not. Do we need to remand simply for that reason? That is, he didn't seem to – he never actually – he seemed to think that he had discretion to deny the acceptance responsibility, even if it were legally applicable. I'm sorry. I didn't understand. Are you saying that you think – My understanding of the record is that the district court spoke generically about several factors that were brought before him in terms of his discretion, including the acceptance responsibility factor. And that element, of course, is not a discretionary element, i.e., if the factors exist, the judge is required to apply the adjustment. So do we need to remand simply because the district court seemed to be treating this as a discretionary matter when it isn't? I don't think any remand is necessary, Your Honor. And I thought that those factors – I think I know what you're talking about now – showed that the district court knew that this wasn't just a case where if somebody goes to trial, he automatically loses eligibility for acceptance. As I said, at some earlier stage when he was discussing – I'm not sure I have him part in referring to this. What the district judge says when he rules, he says the court would find – I tell you that it should be declined – would decline a reduction for acceptance responsibility and also declines any further reductions requested by counsel for a minimal role or for fast track or from a confluence of factors, understand I have discretion, but declined exercise it. Right. That's, I believe, the phrase you're alluding to. Right. That's the problem, isn't it? The question is does he think he has discretion regarding responsibility. Sometimes we said there's discretion, but that's another question. Does he think he has discretion regarding it or does he not? You know, honestly, Your Honors, I can't – I don't know what to read into that. I can't read behind it. I wasn't the person who was actually at this sentencing, but the thing I would say is even if that question can't be resolved, there is ample evidence here to support the court. And this, the standard of review is clear error. And deference is paid to the court. Unless he didn't make the decision. If he made the decision on a discretionary basis, then he may not have made the factional findings required for the legal standard. Well, I don't know that he's necessarily required to make those, Your Honor. In this case – But no one can't defer them. He can't make them. You're asking for a clear error standard when there's at least the possibility that he never made a factual finding as opposed to a decision that he clearly exercised his discretion in this fashion. Your Honor, I mean, we – this is a case where the defendant vigorously contested the validity of the confession. The defendant called two witnesses, one of them an expert, no less. The defendant – the defense requested two theories of defense instructions that told the jury that they could consider withdrawal and whether the government met its burden of proof. If that's not trying to fight, if that's not contesting factual guilt, I don't know what is. And I know one point I wanted to make clear, and I see my time has stopped now. If I can make one last point before I sit down. Sure. Thank you. Which is namely that I know in the reply brief that the defense said when somebody arrests after offense – or I'm sorry, when somebody makes a confession after arrest, in evaluating sentence of responsibility, the most important thing is that pretrial conduct. Your Honors, that is an application note to Section 3E1.1, which says pretrial statements take on that significance only in the rare instance when a defendant goes to trial not to contest factual guilt. Our position here is that by putting the validity of the confession at issue, the defendant made a factual dispute of his guilt. And so, therefore, that application note does not apply. Could he have simply been saying, I disregard the confession because anything that I said given my state would have been just repeating whatever they said to me. That isn't to say that what I said isn't true, but I would have said the same thing if it weren't true because of my state. And secondly, therefore, I'm putting the government to its proof and they have to do it without the confession beyond a reasonable doubt. Now, if those were the circumstances, would the acceptance of responsibility be available? I think they would have a better argument for that, Your Honor. They made a pretrial motion. That was enough to preserve this issue. But then when they go to trial and tell the jury, and another point was made that why should defense counsel's statements be held against the defendant? Those are judicial admissions that bind the defendant, Your Honor. The thing from the get-go – I'm sorry, not the get-go. But for example, when the trial counsel said, well, they were just feeding in the lines and he wouldn't have agreed to anything, that's still saying that what he said isn't true. It's saying if it weren't true, he still would have said it, giving his state. Therefore, you should just disregard the whole confession. That doesn't mean that the confession isn't true. It means it's unreliable. And why isn't that simply exercising the right to have the voluntariness determined by the jury, and then putting the government to its proof as to the rest of the evidence? Because in Crane v. Kentucky, Your Honor, the Supreme Court made a distinction when you attack a confession before trial, it's a legal issue. When you use that section of 3501A that allows the defense to put the circumstances of the confession before the jury for purposes of weight and credibility, it is a factual dispute. And the Court of the case is saying when one contests factual guilt, that is ample basis to deny a sentence of responsibility. All right. Thank you. Thank you, Your Honor. We'll give you a minute for rebuttal. Thank you. Just very briefly regarding the statements issue. I believe that this Court's cases, and United States v. Prieto via in particular said Rule 12 does require findings. And findings regarding the factors in 3501 and the most important factor under this Court's cases simply weren't made. I also want to point out that under the acceptance of responsibility issue, the prosecutor wants judicial admissions to bind the defense and not to bind the prosecution. And it simply can't work that way. And I think that they indicate that everything was truthful and accurate and complete, and they should be bound by those admissions. I also think that the district court did believe that he was applying a discretionary downward departure standard here. And he stated that when he said my intent would be to sentence you to a lower term even after a trial in this matter, but that depends on acceptance of responsibility. He then went on to hear about acceptance. And apparently, I think he found acceptance but chose to only apply it to the giving him, giving the defendant the low term instead of giving the three points off. It's an adjustment, and he can't decide in his discretion. He isn't going to apply it because there was a trial. Here he mentioned trial three times at the sentencing. The sentencing judge wasn't the trial judge, so he couldn't have held the conduct of the trial against the defendant. And the trial prosecutor at the sentencing never stood up and said, you know, he doesn't deserve it because of what he did at trial. That never happened. Thank you very much.
judges: Pregerson, Fernandez, Berzon